IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM WOODRING, | : | |
|     Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-14-113 |
| | : | |
| | : | (Judge Conaboy) |
| NANCY GIROUX, ET AL., | : | |
|     Respondents | : | |

## MEMORANDUM
### Background

Adam Woodring, an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Albion), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. The matter was subsequently transferred to this Court. Service of the Petition was previously ordered.

Petitioner was found guilty of involuntary deviate sexual intercourse (IDSI) (2 counts); indecent assault (4 counts); and endangering the welfare of a child on October 28, 2009 following a jury retrial in the Court of Common Pleas of Lycoming County, Pennsylvania.[1] On February 12, 2010, Woodring was sentenced to a

---

[1] An initial trial ended in a mistrial on September 24, 2009 when the jury was unable to reach a verdict. Counts 1, 2, 3, 9, & 10 of the indictment were dismissed prior to commencement of the retrial. See Doc. 12-10, p. 11.

14 to 28 year aggregate term of confinement.[2]

Petitioner filed a direct appeal to the Pennsylvania Superior Court which affirmed his conviction and sentence by decision dated January 14, 2011.  See Commonwealth v. Woodring, 23 A.3d 1082 (Pa. Super. 2011).  His direct appeal asserted the following claims of trial court error:  (1) improper denial of Woodring's motion to dismiss under Pennsylvania Rule of Criminal Procedure 600;[3] (2) neglecting to conduct a competency hearing prior to allowing the 12 year old victim to testify; (3) improper jury instruction on the IDSI charge; (4) failure to declare a mistrial following improper remarks by the Commonwealth during closing statement; (5) improper sentencing; and (6) the verdict was against the weight of the evidence.  See Doc. 12-8, pp. 1-2.

Petitioner subsequently sought relief via an action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[4]  Following

---

[2] Two counts of indecent assault were deemed to have merged with the IDSI counts for purposes of sentencing.

[3] Rule 600 in relevant part sets a 365 day deadline for commencement of a trial in a Pennsylvania state court case in which a criminal complaint is filed against a defendant on bail.

[4] See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

appointment of counsel and submission of an amended petition, the PCRA petition was denied by the trial court on September 11, 2012. The amended PCRA petition argued that trial counsel provided ineffective assistance by failing to call character witnesses and not raising a double jeopardy argument based upon sentencing being imposed on previously dismissed Count 9 of the indictment. Woodring appealed the adverse PCRA decision to the Superior Court which affirmed the denial of PCRA relief by decision dated April 12, 2013.  The PCRA appeal raised the sole issue that trial counsel was ineffective for failing to present character witnesses. Woodring then filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied on October 10, 2013. See Doc. 12-13.

   Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that: (1) his constitutional right to a speedy trial was violated; (2) prosecutorial misconduct occurred during closing argument; (3) trial counsel was ineffective for failing to call character witnesses; and (4) a double jeopardy violation occurred when Petitioner was sentenced on previously dismissed Count Nine.

### **Discussion**
**Exhaustion/Procedural Default**

   Respondent initially asserts Petitioner's speedy trial violation and double jeopardy claims are either unexhausted or

3

procedurally defaulted and as such should not be entertained by this Court.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.   Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"  Woodford v. Ngo, 548  U.S. 81, 92

4

(2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion

requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

A copy of the Superior Court's decision with respect to Woodring's direct appeal shows that Petitioner raised a claim that the Commonwealth erred by denying his motion to dismiss for violation of Rule 600, Pennsylvania's speedy trial provision. See Doc. 12-8, p. 5. The argument was addressed on its merits. See id. at pp. 5-9. As such, this Court is satisfied that Petitioner's

speedy trial claim is exhausted.

With respect to the double jeopardy sentencing related claim, a review of the undisputed record shows that although this argument was included in Woodring's PCRA petition before the trial court it was not raised before the Superior Court on either direct appeal or during the PCRA appeal.  It is equally apparent that given the passage of time and the fact that Petitioner has already pursued both a direct appeal and a PCRA action, that argument has been procedurally defaulted in state court.

Thus, Woodring has presented this court with a mixed petition, specifically, one containing both exhausted and procedurally defaulted claims.  The United States Supreme Court has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose."  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).  Given Petitioner's failure to offer any viable explanation as to why he did not include his procedurally defaulted double jeopardy argument in his PCRA appeal he has failed to establish cause and resulting prejudice for his procedurally defaulted argument. There is also no basis for a finding that a fundamental miscarriage of justice would result if said claim was not addressed on its merits. The Respondent's request for dismissal of the claim that the trial

7

court's sentence violated double jeopardy will be granted.

**Standard of Review**

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[5]  See generally, Knowles v. Mirzayance, 556 U.S. 111, 114, ( 2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000).  As explained in Bell, 535 U.S. at 694:

---

[5]   Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

8

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to

9

be correct unless the petitioner shows by clear and convincing evidence that they are not.  See 28 U.S.C. § 2254(e)(1).

**Double Jeopardy**

Assuming arguendo that Petitioner's double jeopardy claim was properly exhausted before the Pennsylvania state court or should be excused from that requirement, it would nonetheless be subject to dismissal for lack of merit.

The Double Jeopardy Clause of the Fifth Amendment provides, "No person shall  ... be subject for the same offense to be twice put in jeopardy of life or limb."  The Clause serves the function of preventing both "successive punishments and successive prosecutions."  United States v. Usery, 111 S.Ct. 2135, 2139 (1996).  It "prohibits the government from punishing twice or attempting a second time to punish criminally for the same offense."  Id. at 2139-40, see also  United States v. Rice,  109 F.3d 151, 153 (3d Cir. 1997).  The Double Jeopardy Clause is applicable to the States through the Fourteenth Amendment.  Benton v. Maryland, 395 U.S. 784 (1969).

The purpose of the Double Jeopardy Clause is to prevent a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction or multiple prosecutions for the same offense.  United States v. $ 184,505.01 in U.S. Currency, 72 F.3d 1160, 1165 (3d Cir. 1995).  The requirement that the DOC corrected its own miscalculation so that it complied with original sentence imposed not constitute multiple prosecutions for the same offense in violation of the Double

10

Jeopardy Clause.

Petitioner correctly notes that the sentence imposed by the trial court in part stated that Woodring was being sentenced on Count Nine. It is undisputed that prior to the commencement of the retrial Count Nine had been dismissed.

However, the undisputed record clearly shows that the sentencing under County Nine was simply a clerical error as the sentence was intended to be imposed under Count Eight which contained an identical charge. This inadvertent error clearly did not constitute a double jeopardy violation and as such there is no basis for federal habeas corpus relief.

**Speedy Trial**

Petitioner next claims that his Sixth Amendment right to a speedy trial was violated. The undisputed record shows that the Petitioner was charged by criminal complaint on August 6, 2008. A preliminary hearing was conducted and he was released on bail pending trial. Woodring filed pre-trial motions to redact his video statement and a motion to admit statements of the juvenile victim. Disposition of those motions occurred on September 14, 2009 following a September 8, 2009 hearing. Woodring also filed a motion to dismiss pursuant to Rule 600 on August 11, 2009 which was denied by the trial court on August 31, 2009. See Doc. 12-5.

A jury trial which commenced on September 21, 2009 concluded when a mistrial was declared on September 24, 2009. Petitioner's retrial began on October 27, 2009. Clearly, neither the original trial or the retrial occurred within one year of the August 6, 2008

11

filing of the underlying criminal complaint.

The Sixth Amendment right to a speedy trial protects an individual from the deprivation of personal liberty from the time he is arrested or criminally charged through to sentencing. See Hakeem v. Beyer, 990 F.2d 750, 762 (3d Cir. 1993); Burkett v. Cunningham, 826 F.2d 1208, 1220 (3d Cir. 1987). The Sixth Amendment right to a speedy trial is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Burkett, 826 F.2d at 1219.  Its purpose is to "minimize the possibility of lengthy incarceration prior to trial, to reduce the . . . impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." United States v. MacDonald, 456 U.S. 1, 8 (1982).  The Sixth Amendment safeguards a defendant's right to be tried without undue delay.  As previously noted, Rule 600 provides for the dismissal of charges if a Pennsylvania state criminal defendant is not brought to trial within 365 days of the filing of the complaint.[6]  Unlike Rule 600, the speedy trial provision of the Sixth Amendment is not quantified into a specific number of days.

Respondent asserts that since trial could not commence until disposition of Petitioner's pre-trial motions; the delay was

---

[6] The period is lesser for pre-trial detainees.

12

not lengthy; and there has been no demonstration of resulting prejudice Petitioner has not established a basis for federal habeas corpus relief.  See Doc. 12, p. 4.

The Superior Court in addressing this argument on direct appeal concluded that there was no basis for relief because disposition of Petitioner's pre-trial motion to redact his vido-taped statement caused a 66 day delay in commencement of trial (from December 5, 2008 to February 9, 2009) which was excluded from the Rule 600 one year calculation.  See Doc. 12-8, p. 8.  Second, a 57 day delay from February 10, 2009 to April 9, 2009 was not attributable to the Commonwealth as it was solely the result of court congestion.

As previously noted, the speedy trial provision is not quantified into a specific number of days.  The undisputed record supports the Superior Court's determination that there were two significant delays which were not attributable to conduct of the Commonwealth.  Furthermore, the delay at issue was of relatively short duration and Petitioner has not demonstrated that he suffered any resulting prejudice.  Based upon those considerations there is no basis for a finding that the state court's determination of this issue was contrary to, or an unreasonable application of precedent established by the United States Supreme Court.  Relief will be denied with respect to his argument.

13

**Ineffective Assistance of Counsel**

Petitioner contends that his trial counsel provided him with ineffective assistance by failing to call character witnesses to testify on his behalf. The character witnesses allegedly would have given testimony as to Woodring's reputation for truthfulness. Respondent counters that such evidence is only relevant only if the trait of truthfulness is relevant to the crime charged or when the defendant's reputation for truthfulness has been attacked by the prosecution. See Doc. 12, p. 8. Since the crimes charged did not involve the character of truthfulness and the Commonwealth did not specifically impeach Petitioner's truthfulness, Woodring's trial counsel cannot be deemed ineffective for failing to present inadmissible testimony.

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the Third Circuit Court of Appeals also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

14

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir.2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof

of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).[7]

At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. In addressing Woodring's present ineffective assistance claims, the state courts applied essentially the same two-prong test for ineffective assistance articulated in Strickland.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it

---

[7] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

16

cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of Strickland or were based on an unreasonable determination of the facts. Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

The Superior Court in addressing this issue noted that Petitioner asserted only that the character witnesses would have testified as to his reputation for truthfulness. See Doc. 12-12, p. 6. The Court correctly noted that it is well settled such evidence is only admissible as rehabilitative evidence where the character trait of truthfulness is implicated by the elements of the charged offenses or after the Commonwealth specifically impeached the witness's reputation for truthfulness.

The Superior Court concluded that based on a review of the record the Commonwealth did not impeach Petitioner's reputation for truthfulness. Consequently, since the proposed testimony by character witnesses as to Woodring's reputation for honesty would not have been admissible there was no ineffective assistance.

Pursuant to the above discussion, this Court agrees that trial

17

counsel's performance cannot be deemed deficient for failing to introduce testimony by character witnesses which would not have been admissible.  Petitioner has also failed to show that the state court adjudication of this issue was contrary to or an unreasonable application of precedent established by the United States Supreme Court.  The request for habeas corpus relief will be denied.

**Prosecutorial Misconduct**

Petitioner next contends that the Commonwealth committed prosecutorial misconduct with respect to remarks made during closing argument.  Sprcifically, Ground Two of the Petition asserts that the Commonwealth acted improperly by telling the jury to put themselves in the shoes of the minor victim and referring to the Petitioner as being a monster and demon.  See Doc. 1-1, p. 7.

In determining whether a prosecutor's remarks are unconstitutional, the challenged comments must be viewed in context in order to decide if they affected the fairness of the trial.  See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  A district court's inquiry into the constitutionality of improper remarks should consider the scope of the objectionable comments, their relationship to the entire proceeding, the effect of any curative instructions, and the strength of the evidence supporting the defendant's conviction.  See United States v. Homer, 545 F.2d 864,

18

867-68 (3d Cir. 1976), cert. denied, 431 U.S. 954 (1977).  In Darden v. Wainwright, 477 U.S. 168, 182 (1986), the Supreme Court stated that in order to sustain a request for federal habeas relief, improper remarks by a prosecutor had to be so prejudicial that their effect could not be mitigated by a curative instruction.

In denying relief, the Superior Court opined that the challenged remarks did not improperly shift the burden of proof to the Petitioner and that any potential prejudice was cured by the trial court's repeated cautionary instructions to the jury.  See doc. 12-8.

As noted by the Superior Court, this Court agrees that the challenged closing remarks made by the Commonwealth included "unwise" remarks.  Id. at p. 16.  However, based on an application of the above standards it is the conclusion of this Court that the Commonwealth's challenged remarks did not affect the fairness of the trial to the degree necessary to constitute a constitutional violation.  In the present case as in Darden, the weight of the evidence against the Petitioner was considerable and reduced the likelihood that the improper remarks made by the Commonwealth affected the outcome of the trial

Moreover, given the repeated curative instructions given by the trial court, this Court simply cannot conclude that a reasonable application of Supreme Court precedent requires an award

19

of federal habeas corpus relief.[8]  Relief will also be denied with respect to this argument.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: JULY 6, 2016

---

[8] District courts must presume that a jury will follow an instruction unless there is an overwhelming probability that the jury will be unable to follow it. Greer v. Miller, 483 U.S. 756, 766 n.8 (1987).